IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEE M. ROBY,<br><br>    Plaintiff,<br><br>  v.<br><br>AMERICAN AIRLINES, CAROL HICKEY, DEBRA WHALEN, PAT NEWTON, and DOES 1 through 50, inclusive,<br><br>    Defendants. | No. C 04-04650 JSW<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND** |

Now before the Court is the motion of Plaintiff Dee M. Roby ("Plaintiff") to amend her complaint "to add a *Tameny* cause of action for discrimination due to her industrial injuries." The Court finds the present motion appropriate for decision without oral argument and hereby VACATES the hearing set for October 14, 2005. *See* Civil L.R. 7-1(b).

Defendant American Airline, Inc. previously moved to dismiss causes of action in Plaintiff's First Amended Complaint ("FAC"), including the third and fifth causes of action. In her third cause of action for wrongful termination, Plaintiff had alleged that the defendants wrongfully terminated her employment. (FAC ¶ 40.) Plaintiff's fifth cause of action was entitled "wrongful termination in violation of public policy - labor code § 132(a)." (FAC at p. 8.) In this claim, Plaintiff had alleged that the defendants discriminated against her in violation of public policy because she suffered an industrial injury and contemplated filing a Workers' Compensation claim. (FAC ¶¶ 51-54.)

American Airlines moved to dismiss the third cause of action on the grounds that Plaintiff failed to identify the specific statutory or constitutional provision that had allegedly been violated, and moved against the fifth cause of action on the grounds that the California Workers' Compensation Appeals Board has exclusive jurisdiction over claims based on § 132(a).  Instead of clarifying what statutory or constitutional provision on which her claim for wrongful termination was based or arguing that the Workers' Compensation Appeals Board did not have exclusive jurisdiction, Plaintiff filed a statement of non-opposition to American Airlines' motion.  On February 22, 2005, based on Plaintiff's statement of non-opposition, the Court granted American Airline's motion and dismissed these causes of action.

Over five months later, Plaintiff filed the instant motion for leave to amend.  However, the Court already dismissed the claim Plaintiff now seeks leave to allege.  Plaintiff "concurs" that the third cause of action in her FAC was a "common law cause of action (*Tameny*) for Wrongful Termination."  (Reply Br. at 2.)  Plaintiff argues that the fifth cause of action in her FAC was merely alleging a statutory violation and was not a claim for wrongful termination in violation of public policy.  (Reply Br. at 2.)  However, a review of Plaintiff's allegations in this claim demonstrates otherwise.

Because the claim Plaintiff now seeks leave to allege has already been dismissed by this Court, the Court DENIES Plaintiff's motion for leave to amend.

**IT IS SO ORDERED.**

Dated: October 7, 2005

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2