IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEE M. ROBY,<br><br>    Plaintiff,<br><br>  v.<br><br>AMERICAN AIRLINES, and DOES 1 through 50, inclusive,<br><br>    Defendants.<br>_____/ | No. C 04-4650 JSW<br><br>**NOTICE OF TENTATIVE RULING AND QUESTIONS** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON FEBRUARY 17, 2006:

The Court **tentatively GRANTS in part** defendant American Airlines, Inc.'s ("American") motion for summary judgment as to Plaintiff's fourth and eighth causes of action, and **tentatively DENIES in part** American's motion as to the sixth cause of action.  The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings.  If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing.  If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing.  *Cf.* Civ. L.R. 7-3(d).  The parties will be given the opportunity at oral argument to explain their reliance on such authority.

Each party will have twenty minutes to address the following questions:

(1) Defendant reads Plaintiff's fourth and sixth causes of action to state claims for unlawful termination because of a medical condition. Defendant moves for summary judgment on the basis that Plaintiff's injured back and associated work restrictions do not constitute a medical condition as defined by Cal. Govt. Code § 12926(h). In her opposition, Plaintiff does not claim that she has a medical condition, but instead argues for leave to amend to include a claim for unlawful termination because of mental disability. Plaintiff alleges that she learned she had been diagnosed with depression during discovery, that the Defendant knew of that diagnosis before terminating her employment, and that the termination was because of such disability.

    (a) Do the fourth and sixth causes of action state claims for unlawful termination because of physical disability (i.e. that Plaintiff was terminated because of her injured back and associated work restrictions)?

    (b) Why should leave to amend be granted to add a claim for termination because of mental disability? What evidence does Plaintiff have to show that she was diagnosed with depression or that the Defendant was aware of that diagnosis?

    (c) Assuming that the fourth and sixth causes of action state claims for unlawful termination because of physical disability or that leave to amend is granted to add a claim for mental disability, what evidence in the record shows that Defendant acted with discriminatory intent in terminating Plaintiff's employment?

(2) As part of her prima facie case, Plaintiff must show that her job performance was satisfactory. *Guz v. Bechtel Nat. Inc.*, 24 Cal.4th 317, 355 (Cal. 2000); *see also Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 917 (9th Cir. 1996). Defendant has offered evidence that Plaintiff violated company policy on three specific occasions: by upgrading Mr. Hensley to first class; by issuing vouchers to Mr. Patel's acquaintances; and by distributing business cards for an outside business while on duty.

    (a) What evidence does Plaintiff offer to show that she did not violate company policy and that she was performing her job in a satisfactory manner?

2

    (b)    Alternatively, assuming that Plaintiff has made a prima facie case, Defendant has offered a legitimate non-discriminatory reason for Plaintiff's termination, specifically that she violated company policy. What evidence in the record shows that the Defendant's explanation for Plaintiff's termination was pretext and that the true reason for her termination was a discriminatory one?

(3)    Does the sixth cause of action state a claim under Cal. Govt. Code § 12940(n) for failure to engage in the interactive process in response to a request for reasonable accommodations? If so, what evidence in the record supports such a claim?

(4)    Plaintiff's eighth cause of action alleges that her employment was terminated because of her age, and cites Cal. Govt. Code § 12940, which makes such termination an unlawful employment practice. A statutory cause of action under § 12940 requires a plaintiff to exhaust FEHA's administrative remedies before filing a lawsuit, Cal. Govt. Code § 12960(d), which Plaintiff has not done. However, FEHA does not preempt common law causes of action, and a plaintiff need not exhaust FEHA's administrative remedies to bring a common law tort claim for discrimination in violation of public policy. *Stevenson v. Superior Court*, 16 Cal.4th 880, 885 (Cal. 1997). To state a common law tort claim for discrimination in violation of public policy, a Plaintiff must show that the policy is delineated in constitutional or statutory provisions, *id.* at 894, such as the express prohibition against discrimination on the basis of age encompassed by § 12940. *See id.* at 895.

    (a)    Does the eighth cause of action state a common law cause of action for termination in violation of public policy?

    (b)    Assuming that Plaintiff's eighth cause of action states a common law cause of action and an ERISA claim under 29 U.S.C. § 1140, what evidence in the record shows that Plaintiff's termination was due to her age and/or to interfere with her retirement benefits?

(5) Do the parties have anything further to add?

**IT IS SO ORDERED.**

Dated: February 16, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE